IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID SWETT,                              :

        Plaintiff,                    :   Case No. 3:11cv38

vs.                                       :   JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

        Defendant.                    :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #17) IN THEIR
ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING
(DOC. #18) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF
DEFENDANT COMMISSIONER AND AGAINST PLAINTIFF, AFFIRMING
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL
SECURITY ACT; TERMINATION ENTRY

---

    Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On January 24, 2012, the United States Magistrate Judge filed a Report and Recommendations (Doc. #17), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and

Recommendations (Doc. #17), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #18) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, is affirmed.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983); *Gibson v. Secretary of Health, Education and Welfare*, 678 F.2d 653, 654

(6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson, supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Secretary of Health and Human Services*, 802 F.2d 839, 840 (6th Cir. 1986), quoting *NLRB v. Columbian Enameling and Stamping Company, supra*.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hephner v.*

*Mathews*, 574 F.2d 359 (6th Cir. 1978); *Ellis, supra*; *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 536 (6th Cir. 1981); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility. *Garner, supra*. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter, Commissioner of Social Security*, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.  As noted in the Magistrate Judge's R&R, this Court has previously reviewed Plaintiff's claim that he was "disabled" on or before his date last insured of June 30, 2003. Doc. #17 at PAGEID 91; *see also* tr. 637-63. At that time, this Court remanded the matter to the Commissioner to resolve one narrow issue -- whether the jobs identified by the Vocational Expert are consistent with the

-4-

*Dictionary of Occupational Titles*. *See* tr. 661-63. On remand, ALJ Knapp went far beyond this Court's Order on Remand by re-weighing the medical evidence and making a new RFC finding, even though Plaintiff's eligibility for DIB had expired more than five years prior. *See* tr. 616-30. Now before the Court is an appeal of that decision. In reviewing ALJ Knapp's new findings, any new medical evidence is relevant only to the extent it relates to Plaintiff's impairments on or before June 30, 2003. *See* doc. #17 at PAGEID 91; *see also King v. Sec'y of Health & Human Servs.*, 896 F.2d 204, 205-06 (6th Cir. 1990).

2. In his Objections, Plaintiff takes issue with several of the Magistrate Judge's findings in the R&R. First, Plaintiff argues that the Magistrate Judge's harmless error analysis was incorrect. Specifically, Plaintiff maintains that *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 547 (6th Cir. 2004), does not identify circumstances where an ALJ's error might be deemed harmless. *See* doc. #18 at PAGEID 103-04. However, in light of the Sixth Circuit cases citing to *Wilson* for this exact proposition, *see, e.g., Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011); *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010), this argument is unpersuasive.

3. Second, Plaintiff objects to the Magistrate Judge's finding that the ALJ did not err in relying on new medical expert testimony which conflicted with the previous medical expert testimony. Doc. #18 at PAGEID 106. There were two medical experts involved in Plaintiff's case: Dr. Hutson testified at the February 18,

2004 administrative hearing that Plaintiff was capable of performing a limited range of sedentary work, tr. 581- 600; and Dr. Brahms testified at the July 25, 2008 administrative hearing that Plaintiff was capable of performing a limited range of light work. Tr. 849-54.

Plaintiff argues the Magistrate Judge failed to justify the fact that this Court previously upheld the ALJ's reliance on Dr. Hutson's opinion, yet now impliedly rejects Dr. Hutson's opinion. *See* doc. #18 at PAGEID 105-07. Plaintiff asserts that the ALJ did not provide a "satisfactory explanation" for rejecting Dr. Hutson's finding. *Id.* at PAGEID 107.

In his written decision, ALJ Knapp acknowledged Dr. Hutson's determination and explained why he gave greater weight to Dr. Brahms' opinion:

> At the prior hearing in February 2004, Dr. Hutson, also an orthopedic Medical Expert, testified that claimant was restricted to sedentary work. According to 'the transcript which I have reviewed, he provided no explanation for this degree of restriction other than stating that "multiple areas are involved." However, he himself acknowledged that there was no evidence of loss of neurological function in the appropriate distribution of either the upper or lower extremities, a medical interpretation consistent with that of Dr. Brahms, nor did he characterize the nature of the objective medical evidence in any way different from that of Dr. Brahms. While Dr. Hutson went on to recommend a sedentary level of exertion, as had Dr. Urse, a treating physician (Exhibit 3I-F), it is felt that severe but essentially stable spinal conditions described by MRI studies are more compatible with the light-level recommendations of Dr. Brahms. Dr. Brahms stated that claimant's low back and neck conditions were not that medically significant, at least back in 2003 and before, and reflected the existence of arthritis only. It is hard to fathom a good explanation for any kind of standing or sitting restriction. Claimant's primary problem had always been his left shoulder. In addition, it may also be observed here that prior hearing decision of June 2004 which found the claimant limited to modified sedentary work based largely on Dr.

-6-

> Hutson's testimony, has been vacated pursuant to the order of the federal district court and that such decision has no res judicata effect on the current hearing decision. I give greater weight to the testimony of the Medical Expert who testified before me and who had access to the later record. His suggested restrictions are most consistent with the nature of the objective medical evidence and claimant's medical history.

Tr. 626.

Where there are conflicting opinions from various medical sources, it is the ALJ's function to evaluate the medical evidence and determine Plaintiffs' RFC. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). Here, the ALJ concluded that Dr. Brahms' opinion was entitled to the most weight, tr. 626; and that decision will be upheld if it is supported by substantial evidence, even if the Court, as a trier of fact, would have arrived at a different conclusion. *Elkins v. Sec'y of Health & Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981). The Court "may not abrogate the [Commissioner's] function to evaluate and resolve conflicting medical testimony." *Id.* Thus, despite Plaintiff's contentions to the contrary, the Court's holdings are not mutually exclusive. The Court can properly uphold ALJ Knapp's reliance on Dr. Brahms' opinion, regardless of whether it previously upheld ALJ Redmond's reliance on Dr. Hutson's opinion.

A medical expert's opinion, based on a review of the complete case record, can constitute substantial evidence. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408-09 (6th Cir. 2009). Here, Dr. Brahms testified that he reviewed all of Plaintiff's medical records. Tr. 849. In contrast, given that Dr. Hutson testified in 2004, his

-7-

opinion was not based on a complete review of the medical records. Further, ALJ Knapp did not hear Dr. Hutson's testimony because he was not the ALJ presiding over the February 18, 2004 administrative hearing. (ALJ Redmond presided at the 2004 hearing.) Therefore, ALJ Knapp reasonably adopted Dr. Brahms' medical opinion over Dr. Hutson's. Plaintiff's objection is overruled.

4. Third, Plaintiff contends the Magistrate Judge failed to address how the ALJ's credibility analysis ignored evidence that was favorable to Plaintiff. Doc. #18 at PAGEID 109. This Court previously determined that the objective medical evidence did not support Plaintiff's allegations of disabling pain. See tr. 640-52. Plaintiff has not presented new medical records – relating to his medical impairments before June 30, 2003 – to persuade this Court otherwise. See tr. 706-831.

5. It is axiomatic that the Court's task in reviewing a decision of non-disability issued by the Defendant Commissioner is not to determine whether the record contains substantial evidence of disability; rather, the Court's focus is limited to ascertaining whether the Commissioner's decision of non-disability is supported by substantial evidence. In this matter, said decision is so supported.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #17) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence. Plaintiff's Objections to said judicial filing

-8-

(Doc. #18) are overruled. Judgment will be ordered entered in favor of the Defendant Commissioner and against Plaintiff herein, affirming the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 20, 2012

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record